```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                  CRIMINAL NO. 1:13-00244-001

JODY WHEELER

## MEMORANDUM OPINION AND ORDER

In Charleston, on May 12, 2016, came the defendant, Jody Wheeler, in person and by counsel, David R. Bungard, Assistant Federal Public Defender; came the United States by John L. File, Assistant United States Attorney; and came United States Probation Officer Amy Berry-Richmond, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on January 20, 2016, as well as the amendment to the petition, filed on April 19, 2016.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, she has the right to a hearing and assistance of counsel before her term of supervised release could be revoked.  Whereupon the defendant admitted the conduct as alleged in Violation Numbers 1, 2, and 3 in the petition and amendment.  With respect to Violation Number 4 in the original petition, defendant admitted that she had failed to make restitution payments since her release from incarceration.  However, she disputed the specific amounts as alleged in

Violation 4.  Accordingly, based on defendant's admissions, the court found the charges were established by a preponderance of the evidence except as specifically disputed.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was five to eleven months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

For reasons placed on the record at the hearing, counsel for defendant asked the court to hold the proceeding in abeyance in order to allow defendant to receive intensive treatment for her substance abuse problems at Prestera Center.  Both the government and the probation office concurred with defendant's request.  Accordingly, the court **ORDERED** the proceeding continued until further order of the court.  Once a placement for defendant is imminent, counsel for defendant will file a motion with the

court to secure defendant's release from custody so that she might begin treatment.  The details of defendant's release and mode of transportation should be discussed with and agreed to by the probation officer prior to filing the motion for release.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 18th day of May, 2016.

> ENTER:
>
> _David A. Faber_
> David A. Faber
> Senior United States District Judge